And we'll call the next case, that's WeitznerVSSanofiPasteur, etal, appellate number 14-3423. And we'll call the next case, that's WeitznerVSSanofiPasteur, etal, appellate number 14-3423. And Mr. Greco, if you want to come forward. Good afternoon. May it please the court. Good afternoon, I'm Carl Greco and I represent the defendant's appellants in this matter. I respectfully request three minutes of my allotted time to respond to the opposing arguments. Granted. Thank you. This case was filed on November 26, 2011, as a class action. It follows a class action filed in state court in Lackawanna County, Pennsylvania, by the plaintiff, Dr. Weitzner, in February of 2005. In this case, the plaintiffs allege violations of the Telephone Computer Protection Act. And they allege that the defendants have sent them unsolicited tele-faxes. I think we know the facts. Yes. In this matter, this is an area of the law that's in great turmoil at the present time. So tell us what we should be doing here in the Third Circuit in light of Genesis. It's our position, Your Honor, that under the well-settled mootness concepts in the Third Circuit, that the offer under Rule 68 of complete relief, which the plaintiffs have admitted, offer all of the relief they would be able to obtain under individual claims, moots this case. And under the Supreme Court's decision in Genesis Healthcare v. Simchick, this case must be dismissed. Well, they assumed mootness, and the majority assumed mootness. They didn't actually decide the issue. Is that right? I beg your pardon, Your Honor? The majority of the Supreme Court? Yeah. So the majority of the Supreme Court in Genesis carefully analyzed those cases, which this Court has relied upon in both Weiss and Simchick, and rejected the relation back arguments and the picking off arguments that were applied in those cases. In Weiss, under the Fair Debt Collection Practices Act, the Court held that allowing the defendants to pick off a representative plaintiff would frustrate the class action rules, and therefore, under the Court's application of the relation back exception, which it interpreted from Garethi, Roper, and Sosna, held that so long as there was no undue delay, the motion for class certification could relate back to the filing of the class complaint. But the Supreme Court rejected that argument. In the Supreme Court, the Court carefully analyzed Garethi and Sosna, and found that the relation back exception applied in those cases really focused on the inherently transitory nature of the plaintiff's claim, or whether or not the claim could evade review. Again, as the Court said, not on the defendant's litigation strategy. And with respect to Roper, the Supreme Court pointed out that, in fact, the Roper decision turned on the continuing interest of the plaintiffs in trying to spread costs and expenses over other successful class litigants. And the Court then observed that it was only in dicta, after the Roper Court made its decision, that the Roper Court observed that that to allow defendants to pick off class plaintiffs would violate the class action rules. I agree that that's a fair reading of Genesis. What about the individual plaintiff's claim? Is that moot? The Supreme Court did not decide that issue, did it? It assumed that it was moot, but it didn't actually make a determination. That's correct, Your Honor. The lower court had decided that the Rule 68 offer made by the defendants mooted the plaintiff's claim, and the Supreme Court made no further inquiry on that. But that's the same case we have here, because in the district court, and in its brief here at page 6, the plaintiffs have admitted that the Rule 68 offers made by the defendant offered them complete relief under the statute. But your offer of judgment specifically said, tracking Rule 68, that if unaccepted, it's withdrawn. If something is withdrawn, it's a nullity. How could that moot something? Well, the language in our offer of judgment that tracked Rule 68 was designed to comply with Rule 68. But it's not the offer made under Rule 68 really has the legal effect of mooting the case under Article 3, Section 2. So simply because the offer is deemed to have expired doesn't change the fact under Article 3 that the plaintiffs have been offered full satisfaction of their claim. And therefore, under Article 3, there's no live case or controversy available to them. Is the offer still on the table? I mean, it's expired for Rule 68 purposes. Is the offer still on the table? Well, yes, it would be, Your Honor. But certainly we haven't had any discussion on that because it's been our position that under the well-settled mootness principles of the Third Circuit that the offer of complete relief mooted the plaintiff's individual claims. Well, just thinking, if we should rule, send it back to the district court and tell them, yes, indeed, this is moot, and the plaintiff is out of court, the plaintiff would then receive the offer that has been made by you, right? Well, we certainly, part of our offer, Your Honor, we would allow the entry of judgment for the amount of the Rule 68 offer. I know there's been some discussion in cases that talks about because of the well-settled mootness concepts, if a plaintiff rejects the offer, then they get nothing. Well, you can't enter a judgment in a moot case, right? That's the problem. You can't enter a judgment if your position is the case is moot, but we would agree to have that judgment entry entered. How could that be? Well, that's the argument advanced by Justice Kagan, in part. But certainly federal courts maintain jurisdiction in cases that are settled all the time. It's not uncommon at all. But you're asking this Court to find that the offer of judgment rendered the case moot. If the case is moot, then it gets dismissed. You're saying, no, the district court could still enter a judgment in favor of the plaintiff, then it's not moot. Well, we could consent to the entry of a judgment. That's my position, Your Honor. So it would be under some other rule, like Rule 55 or 56, or some other rule is the judgment rule. Certainly, we could consent to the entry of judgment against us, But the issue in this particular case, though, is whether the unaccepted offer has mooted the plaintiff's individual claims. And it's our position that under the Court's analysis in Genesis that the offer, the Rule 68 offer, mooted entirely the plaintiff's claim. And since no motion for class certification had been filed, the case is moot and must be dismissed. Well, the plaintiff's claim that they couldn't file a motion for class certification until you answered the complaint, and that was not until 2013. Have they had time to file it? Well, Your Honor, we believe they've had plenty of time to file. Again, there was a State Court Class Act file in this case alleging the same underlying facts and circumstances of alleged unsolicited telephony. Didn't that State Court judge say that the individual can only proceed in an individual claim and not on his class claims? I beg your pardon, Your Honor. My question about what happened in State Court. Didn't the State Court judge say you can only proceed on individual claims? Well, the State Court granted in our motion for assembly judgment that challenged the suitability of the plaintiff to move forward. As a class representative. That's correct. So therefore, back to what Judge Roth is asking, there was no opportunity then because by ruling, it was precluded. Well, but from 2005 to 2008, because that ruling by the State Court didn't occur until three years after the complaint was filed. And the same circumstances obtained here. In three years after, over three years after the filing of this Federal complaint, the plaintiffs have taken no action to move for class certification. And, in fact, we believe that there is a second basis upon which the district court can be reversed, and that is under the rule articulated in Weiss, there's a, the rule is that if the, if there's no undue delay, undue delay, excuse me, in the filing of a motion of class certification, then the motion will relate back. Well, again, it's our position we don't get there because we believe under Genesis the case is moot and must be dismissed. But we believe in the fact there was undue delay. Rule 23 of the Federal rules commands that a district court make a determination whether to certify an action as a class action at an early practicable time. Now, many courts have adopted local rules to effectuate that command. And, indeed, this district has one. The district has rule 23.3, which requires the filing of a class complaint within 90 days. But in this case, there was two years or so before an answer was filed. No discovery has taken place as far as we could tell from the information we have. There was no opportunity for this plaintiff to have filed this class motion because we're still trying to figure out whether they stated a claim. Or if you guys saw abstention and you saw stays in favor of the state court case, there were a lot of other things going on. So from a practical point of view, when exactly was this plaintiff supposed to have filed that class certification? Well, what the plaintiff should have done, Your Honor, was file a timely motion for class certification under Rule 23.3. Or if they wanted to assert the bases that the defendant's motion practice somehow excused that, they should have done so. Would you have been ready to start engaging in class action discovery that early? You probably would have said no. We have a pending dismissal motion. Why would we want to do discovery, right? Sure. So was it practical that there was already going to be a class certification motion filed any time before the answer was filed? That doesn't prevent nor excuse the plaintiffs from not filing the local rule, Your Honor. But the local rule, there was no order in place in that court, was there? There was no case management order. Local Rule 23.3 is self-executing. There's no requirement. That rule doesn't become operative only upon the entry of a case management order. That rule applies from the filing of the class complaint. And did you say it's a 90-day period? You got to file within 90 days? It's filed within 90 days. And they didn't do so. They have every opportunity to do so. And in the 10 years from filing the state court action, where there was plenty of discovery on the same transactions and occurrences, and then over three years after having filed this case, they've taken no action to seek any extension of time, to explain why they haven't done it, or to offer any reason why they didn't, they were not able to compile a record necessary to support a motion for class certification. That local rule may be in tension or in conflict with the national rule, which has no time period. No, Your Honor. Well, I don't, respectfully, I don't believe it's in conflict. I believe that local rule 23.3 actually defines practicable time that's expressed in federal rule 23. So, I mean, certainly the definition may be improper. It may be in tension with the national rule. There's been no assertion of that. I know. I understand that. And in the middle district, the practice has been that in cases where they, a motion for class certification is not timely filed, the cases have been dismissed. Oh, I understand that. So, it's our position that the Genesis rejected the relation back exception applied in Weiss and then in Simchick. And the practical effect of that is that it's overruled Weiss and the application of Weiss in cases for statutory damages where no motion for certification has been filed. And, again, alternatively, well, I'm out of time, so I'll save it for my rebuttal. Okay. Thanks, counsel. Mr. Bank. May it please the Court. I'm Todd Bank, and I represent the plaintiff's appellees. I want to first address the issue of individual mootness. In Weiss, this Court specifically said that the individual claim was allegedly mooted, and so as I think Your Honor indicated in the opening argument, it has been an assumption in this circuit, an assumption that there was individual mootness in the case of the unaccepted Rule 68 offer, and that was the same situation in the Ninth Circuit. And so far, virtually every court, I believe it's every court, with the exception of district courts that believe they were bound by binding circuit precedent, have followed Justice Kagan's dissent before Justice's dissent in Genesis Health Care. Did we actually, in Simsek, in the appellate opinion in Genesis and Simsek, did we make a stronger statement than we made in Weiss on the mootness for an individual in this case? I am not sure. I don't believe so because the issue was conceded by the plaintiff. In fact, the Supreme Court in Genesis, the majority emphasized that the reason the majority wasn't going to address the issue was because at both the district court level and before this Court, that the issue of individual mootness was not disputed by the plaintiff. That goes to the issue of whether the Supreme Court should have addressed the issue of individual mootness, which again, Justice Kagan did. And every single court that I'm aware of, except for district courts that found that there was binding precedent in their circuits, have followed Justice Kagan's dissent, including as recently, I don't know the name offhand, but even a case last week. I just want to refer to an argument that was raised in the reply brief, the appellant's reply brief, seeking to distinguish, it's on page 24 of the brief, seeking to distinguish the Delgado case and saying that, as recognized by the court in Delgado, the Third Circuit has conclusively addressed the matter of individual mootness, but Delgado first was only referring to this Court's decision in the Simpson case, Genesis Healthcare, and again, mootness was not the issue there either. I think if you look at the plain language, the very plain language of Rule 68, it couldn't be more clear that an offer that is expired is as if it never was made. If defense counsel calls plaintiff's counsel on the phone and makes an informal offer, and 10 minutes later says, you know what, the offer is withdrawn now, how can you run to the court and say that there's no subject matter jurisdiction? Sure. It just doesn't make any sense. It's not logical. Did Justice Kagan's argument deal adequately with the case or controversy issue that has been raised by members of the majority in Genesis and some other cases too, that has been raised by the majority in Genesis? She didn't really grapple with that point, did she? Well, I think she did. She did grapple with it, I think, in terms of the individual mootness. What Justice Kagan was saying is that the very plain terms of the rule, and in fact as repeated in the Office of Judgment at issue here, say that if this offer, and we're not disputing that it was for the full possible individual relief, that's not in dispute, but the Office of Judgment tracking the language of Rule 68 said explicitly, if this offer is not accepted within 14 days, it is deemed withdrawn. Well, it didn't say if this offer is not accepted within 14 days, we're going to go to the court, ask them to file a motion for dismissal. The offer is withdrawn. So if on date number 15 plaintiff's counsel called defendant's counsel and said we accepted the offer, the response would be too late or maybe a voluntary agreement to renew the offer in essence. That offer was off the table. The plaintiff's counsel has said that if we find that the case is moot, there will be judgment entered on behalf of the plaintiffs in the amount of the offer. So in effect, although under Rule 68 you can say it has expired, because of the position they are taking that the case is moot, the plaintiffs are going to receive their statutory damages. With all due respect, that is what they're saying, yes, but it just doesn't make any sense. Does that make it moot? No. I mean, they've said it here and on the court, right? Where would the court have the authority to say that X number of months ago the defendant made an offer that by operation not only of the rule but the actual offer itself has expired? That would be a new proceeding, and I think Judge Zia mentioned Rule 65. You heard the plaintiffs, you heard the defendants today say in this courtroom that if the case went back on our ruling that the case was moot because the plaintiffs are going to get full relief, they would get the full relief in the offer. So that means that the offer, although it has expired for Rule 68 purposes, has not expired for the purpose of making the plaintiffs whole. Well, the problem with that argument is that It's not an argument. It's a situation of fact. It's a prediction, but again, if they're claiming that the claim is moot, then any basis of the individual plaintiffs being given a judgment by the court would have to be under, as I believe Your Honor said, under some other rule. That offer has expired. It doesn't exist anymore. Under Rule 68, but the offer has been made before us here in the courtroom today. Well, a defendant could make an offer like that at any time. Right, and it's open, and if they didn't abide by it, I think they would find themselves in big trouble. Well, only if we accepted it. All right, but if it makes the plaintiffs whole, isn't it moot? It's not a chimera. I think maybe it's a hard C-H, but it has been an offer made in our presence, which reflects the Rule 68 offer that was made earlier. Again, let's say the defendants, and let's say this matter went back to the district court and the defendants, either in or outside, I'd say it would have to be outside, outside of Rule 68 context, made the same offer. They pleaded with the judge to enter a consent judgment against the defendants in the plaintiff's favor. Whether that would moot the claims or not, that only brings us to the next issue, which is the relation back doctrine. And on that issue, I think Weiss is very clear. The defendants, the appellants, are relying on that. I think Weiss is clear. The question is what does Genesis say about what Weiss said about this? When Genesis discussed the Sosner, Roper, and Gehry cases and said that those cases don't apply, Genesis Healthcare was not saying that similar facts must apply in a Rule 23 case. All they were saying is that in an FLSA collective action, that if those facts, facts that are analogous to Sosner, Roper, or Gehry, if those facts were present, the court likely, they didn't get that far, likely would have found that the relation back doctrine was applicable. What happened after the Supreme Court, after the majority discussed those three cases, they explicitly and emphatically contrasted FLSA collective actions with Rule 23 actions. So the question that raises, and I think the answer is clear, is why, if the only issue were whether Sosner, Roper, or Gehry-type facts apply in a Rule 23 action in order for the relation back doctrine to apply, if that was the whole analysis, what would have been the point, other than maybe to cause confusion, of Genesis going on and very, I mean, could not have been more emphatic about distinguishing the nature of FLSA collective actions and Rule 23 class actions. But they may, let's just assume that, and the district court did rely on that point here quite a bit, but let's just assume that the Supreme Court would see it differently, even though they said that that might not be the case. Where are we if the Supreme Court would look at a class action in the same way that they looked at the action in Genesis? Well, again, I think it goes back to the question, then we get back to the question of the individual mootness, which is where Justice Kagan's dissent comes in. Obviously, if the plaintiff's individual claims are not moot, then the plaintiff is still free to pursue certification. But that's four votes. We're certainly not claiming that it's a binding opinion. But, again, of the four justices who addressed it, and, no, of course, it's absolutely not binding, but of the four justices who addressed the issue, not only did they come out the way that's favorable, of course, to our position, but, again, I think the language of Rule 68, I don't understand how a court would have the authority to impose a judgment based on a settlement offer, a Rule 68 offer, but it's just a settlement offer, that has been withdrawn. Well, do you think that a plaintiff who has brought a complaint, that is, putative class action claims, has individual interests in the class action components of that case, beyond the statutory damages that your client would have received? Can you articulate what's the individual's interest that a Rule 68 offer judgment of the type can be here would not satisfy that is individual to the plaintiff? Well, it's not a substantive right to pursue class certification, but what we talked about in the briefs is that there's also an interest, and this was discussed in Roper, the plaintiff, once beginning a putative class action, has an interest in spreading the attorney's fees. Now, in the defendant's reply brief, they say that because the TCPA is not a fee-shifting statute, we have no right to attorney's fees. But Roper, which is a case that talked about that, that issue about shifting attorney's fees, dealt with a statute, the National Bank Act, which also did not provide for the shifting of fees. So the TCPA is analogous to the statute in Roper. Do you think that there's, in Garrity, the court said a plaintiff whose personal individual claims have been mooted still has an interest in dealing with the appeal of the denial of class certification, correct? Yes. Okay. So does that plaintiff, does a plaintiff, also have an interest in seeing whether their motion would be granted in the first instance? Absolutely. Is there an analogy between those two circumstances? Yes, absolutely, because in both situations, where in this case we've announced by virtue of the filing of the complaint, if nothing else, we've announced the intention to seek class certification, and I think you said, Garrity, in which certification had been denied, the status is the same. It's still an individual party hoping, seeking, intending to represent the certified class. The fact that we're early in the process, I don't think matters. There's nothing magical. There's nothing really special in this context about merely moving for certification, as opposed to, like in the Sosno case, where certification had actually been granted. That's a different situation. But it's not a matter of, you know, rewarding the plaintiff who made a motion being unsuccessful for class certification. That's where we get to the issue of undue delay. And I think, and I won't read it verbatim, I think Judge Caputo's somewhat lengthy discussion on the timeline in this case is, I think makes it perfectly clear that there was not even the least bit of undue delay in this case. It's the same, and Your Honor mentioned that in the opening argument. Well, no, the answer was filed in 2013. Right. I mean, so that's over a year ago. Right. The answer was filed in 2013. The Office of, if you read the timeline, it's on page 467 of the joint appeal, of the joint appendix, rather. And right away, well, the defendant still sought dismissal right away, so we weren't able to conduct discovery in this case. Ultimately, their motion for reconsideration of the denial of that motion was on May 14th, I'm sorry, September 26th, 2013. About three weeks or so later, there was an answer. And three days after the answer, there was an Office of Judgment, and then three weeks after that, these motions. So we weren't conducting discovery. We could have filed an incomplete certification motion, and as Judge Caputo pointed out, that the way the practice functions in the Middle District is that, in a court, normally a date for filing a motion for class certification appears in the case management order. There was yet to be a case management order, a case management conference, and therefore no case management order. The state court case, again, as I said earlier, the court ruled that we cannot seek certification. So I don't know if we were supposed to then seek certification after the judge said we cannot. And not to mention that I'm not aware of any case that says that even if there had been undue delay and there wasn't in a state court of separate proceeding, that that somehow prejudices or carries over to the next proceeding and here in a different judicial system altogether. I just have a couple more comments. On pages 11 to 12 of the reply brief, the defendants argue that the relation-backed doctrine only applies if one of the Sosno-Guerrero-Roper cases apply, the FAFSA part of it. I think I've addressed that sufficiently. That's, again, why Genesys Healthcare could not have been more emphatic about distinguishing Rule 23 actions and the FLSA collective actions. If the Supreme Court, the majority I should say, thought that there was no material difference, they would have done the Sosno-Guerrero-Roper analysis and would have stopped there. They made quite a big deal, in fact, about the differences, as of numerous courts, including the lower court here, have followed. And it's for that reason I take it you say that Weiss is still good law, not disturbed by Genesys. Absolutely. And, again, as the lower court found and as district courts and the one-circuit court, which is the 11th Circuit in Stein, has also ruled in the same way. I don't know if Stein addressed Weiss specifically, but it did say that Genesys Healthcare does not somehow have a no pun intended, but moved the relation-backed doctrine. If there's nothing else, I see my time is up. Thank you so much. Thank you. If the court please, just a few more points. Judge Sirica, to respond to your question, you asked that if the court in the Simchik case made a stronger statement. I know the plaintiffs have put forth this argument that, in fact, everyone has assumed that Office of Complete Relief moved the individual plaintiff's claims. Well, in the Simchik case, there are two citations, one at 656 Fed Third 195 and the other at 656 page 201. And at 195, the court relies on Weiss and says, an Office of Complete Relief will generally move the plaintiff's claim as, at that point, the plaintiff retains no personal stake in the outcome of the litigation. And at the end of the case, when the court in Simchik remanded that case to the district court, it was remanded for the court to decide whether Ms. Simchik's collective action should go forward. But one of the comments in the court's order was that, if, however, and this is at page 201, if, however, the court finds that Simchik's motion to certify would be untimely or otherwise denies the motion on its merits, then defendant's Rule 68 offer to Simchik, in full satisfaction of her individual claim, would move the action. Now, in neither of those quotations from the court's opinion does the word assume appear. And, in fact, in Weiss, the court also found that they made an expressed statement that the court found, not the court assumed, but the court found that the offer under Rule 68 completely moved the plaintiff's claim. With respect to Judge Kagan, I know there was a point raised whether Judge Kagan properly addressed the case in controversy requirement of Article 3. And, respectfully, she did not. In fact, Judge Kagan's dissent doesn't touch on at all the case in controversy requirement. It's merely almost a contractual interpretation of Rule 68, which we know Article 3, Section 2 trumps the rules of civil procedure. And there must be a case in controversy at every stage of the litigation. In fact, and even Justice Kagan, however, implicitly admitted that the law in the Third Circuit accepts that an unaccepted offer under Rule 68 moves the plaintiff's claim because, in her opinion, she says, note to the Third Circuit, rethink your mootness by unaccepted offer theory. And that implicitly states that she recognized that is the law in the Third Circuit as it is. Is she threatening us, do you think? I beg your pardon, Your Honor? Is she threatening us? She may be, but her opinion, no matter how threatening, is a dissent opinion and is not the law in the Third Circuit. The plaintiff mentioned that was asked by Judge Schwartz. Counsel, your argument time is up. I beg your pardon? I'm sorry. Thank you very much. For all the authorities we've cited, we respectfully request that this Court dismiss this case. Okay. Thank you, Counsel. Thank you. Thank you both for your excellent arguments and your great briefs. Thank you. And I'll ask the Court to return to Court.